UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ALVIN PARK,

                Plaintiff,

-v.-

LOWE'S HOME CENTERS, LLC and
John Does 1-10,

                Defendants.
------------------------------------------------------------X

Civil Action No. 21-6484

**COMPLAINT AND JURY DEMAND**

Plaintiff ALVIN PARK, by his attorneys, KIM & BAE, P.C., as and for his Complaint against Defendant LOWE'S HOME CENTERS, LLC and John Doe defendants 1-10 states as follows:

## THE PARTIES

1. Plaintiff ALVIN PARK ("Plaintiff") is an individual residing in Bergen County, New Jersey.

2. Defendant LOWES HOME CENTERS, LLC ("Lowes") is a corporation organized pursuant to the laws of the State of North Carolina duly registered to do business, and actively doing business, in the State of New York., specifically at 206 NY-303, Orangeburg, NY 10962, and other places.

3. John Does 1-10 are persons and/or entities who are currently unknown to Plaintiff, who handled, manufactured or sold Lowe's product no. 874966, labeled, advertised and sold as "Garden Treasures Umbrella Base," as handled by Plaintiff in connection with an incident involving Plaintiff at Lowe's Store #1192 (Orangeburg, NY) on or about June 4, 2021.

## JURISDICTION AND VENUE

4. Jurisdiction in this Court is based upon diversity of citizenship, pursuant to 28 U.S.C. § 1332(a)(1), as Plaintiff is a citizen of the State of New Jersey and Defendant is a corporate entity operating pursuant to the laws of and doing business in the State of New York and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper because Plaintiff transacted business at Defendant's premises in Rockland County, State of New York.

## BACKGROUND

6. On or about June 4, 2021, at approximately 1 pm, Plaintiff entered the Lowe's Home Improvement store in Orangeburg, New York.

7. Plaintiff decided to purchase Item No. 874966 "Garden Treasures Umbrella Stand."

8. In order to make this purchase, Plaintiff was required to remove a box containing the item from the store shelf, place it in a cart and bring it to the cash register.

9. The item was contained in a cardboard box.

10. As it sat on the shelf, there was no apparent damage to the box and no warning on the box or the shelving that lifting the box could be dangerous or instructing the customer to obtain assistance.

11. When Plaintiff lifted the box off the shelf, a large steel plate, weighing over 50 pounds, slid out of the box and struck Plaintiff on the leg.

12. The steel plate fell out of the end of the box which had been concealed from Plaintiff as it sat on the self, creating a "trap" that no reasonable person could avoid.

13. The sharp, heavy, falling item inflicted a grievous wound to Plaintiff's leg with extensive loss of blood and physical trauma, requiring immediate hospitalization, an overnight stay in the hospital, extensive suturing, and ongoing medical care. The injury inflicted intense ongoing pain on Plaintiff and has prevented him from resuming his normal work and enjoyment of life. Plaintiff will or may be permanently disfigured and permanently unable to resume his normal life activities including work and leisure.

14. Upon information and belief "Garden Treasures" is a captive or in-house brand of Lowe's, which controls all aspects of its manufacture, packaging, marketing and sale.

15. Upon information and belief, the item was negligently packaged and/or repackaged by Lowe's.

16. Upon information and belief, the item was negligently packaged and/or repackaged by the manufacturer, whose identity is currently unknown.

17. Upon information and belief, the item was placed by Lowes in such a way on the store shelf so as to obscure from customers indication of negligent packaging and/or repackaging.

## AS AND FOR A FIRST CAUSE OF ACTION
(Negligence)

18. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the foregoing paragraphs as if set forth more fully and at length herein.

19. Lowe's owed a duty of care to Plaintiff to prepare and maintain the packaging of items offered for purchase in a manner that was not dangerous for ordinary use and to warn Plaintiff of any unusual dangers associated with touching the items.

20. Lowe's breached its duty of care and deviated from reasonably applicable standards of care owed to Plaintiff and common in Lowe's industry by setting out a negligently

3

packaged item which, when lifted, would foreseeably be unable to contain the contents, which were unreasonably dangerous, sharp and heavy.

21. Lowe's failed to take reasonably prudent measures to make sure that its packaged items were safe for customers to lift and carry when it set them out for customers to lift and carry.

22. As a result of Lowe's breach of its duty of care owed to Plaintiff, Plaintiff was caused to suffer serious personal injuries, including permanent injuries to, and disfigurement of, his affected extremity.

23. Plaintiff has incurred damages due to the negligence of Lowe's in the form of pain and suffering, emotional trauma, medical bills and loss of the ability to maintain his work, income and normal life activities.

24. The actions of Lowe's were negligent, grossly negligent, reckless, willful and/or intentional.

## AS AND FOR A SECOND CAUSE OF ACTION
**(Product Liability)**

25. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the foregoing paragraphs as if set forth more fully and at length herein.

26. Plaintiff is in the class of persons that the Defendant should reasonably foresee as being subject to the harm caused by defectively designed umbrella stands and boxes containing such umbrella stands in that Plaintiff was the type of person for whom umbrella stands were intended to be used.

27. Defendants, who are engaged in the business of selling the umbrella stands and the packaging, manufactured and supplied umbrella stands and packaging and placed them into the stream of commerce in a defective and unreasonably dangerous condition such that the

4

foreseeable risks exceeded the benefits associated with the design and/or formulation of the products.

28.   The umbrella stands and the packaging supplied to Plaintiff were defective in design and formulation and unreasonably dangerous when they left the hands of Defendant, the manufacturers and suppliers, and they reached the user and consumer of the products, Plaintiff, without substantial alteration in the condition in which they were sold.

29.   The umbrella stands and the packaging manufactured by Defendants were unreasonable and dangerously defective beyond the extent contemplated by ordinary customers with ordinary knowledge regarding these products.

30.   Defendants' umbrella stands and the packaging were defective due to inadequate design and/or inadequate trials, testing and study, and inadequate reporting regarding the results of such studies.

31.   Defendants' umbrella stands and the packaging were defective due to inadequate post-marketing warning or instruction because, after Defendants knew or should have known of the risk of injury from their umbrella stands, they failed to provide adequate warnings to the retail establishments and continued to promote the products as safe.

32.   The product defects alleged above were a substantial contributing cause of the injuries suffered by Plaintiff. Specifically, umbrella stands and the packaging caused Plaintiff to suffer the serious injuries. Plaintiff will also require future medical care. In addition, Plaintiff has suffered mental distress and anguish and has suffered permanent impairment of the use and function of his affected extremities.

33.   As a direct and proximate cause of the Defendants' negligence, Plaintiff suffered serious physical injuries including permanent injuries and disfigurement. In addition, Plaintiff

has suffered lost wages and lost earning capacity, mental distress and anguish and has suffered permanent impairment of the use and function of his affected upper extremities, and other damages.

### AS AND FOR A THIRD CAUSE OF ACTION
### (Failure to Warn)

34. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the foregoing paragraphs as if set forth more fully and at length herein.

35. Defendants manufactured umbrella stands and packaging and placed them into the stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits associated with the design and/or formulation of the products.

36. Defendants' umbrella stands and packaging were defective due to inadequate warnings.

37. Defendants' umbrella stands and packaging were defective due to inadequate post-marketing warning or instruction because, after Defendants knew or should have known of the risk of injury from their umbrella stands, they failed to provide adequate warnings to retailers and consumers and continued to promote the umbrella stands as safe.

38. The defective warnings and labeling on the umbrella stands and packaging were substantial factors in bringing about the injuries to Plaintiff.

39. As the direct and proximate cause of the defective condition of umbrella stands and packaging as manufactured and/or supplied by Defendants, and specifically their failure to warn, and their negligence, carelessness, other wrongdoing and actions described herein, Plaintiff suffered those injuries and damages as described with particularity, above.

40. As a direct and proximate cause of the Defendants' negligence, Plaintiff suffered physical injuries including permanent injuries and disfigurement. Plaintiff will also require future medical care, including physical therapy, pain management and other medical treatment. In addition, Plaintiff has suffered lost wages and lost earning capacity, mental distress and anguish and has suffered permanent impairment of the use and function of his affected extremity, and other damages.

**WHEREFORE**, Plaintiff respectfully prays that this Court grant the following relief against the Defendants:

A. Enter judgment in excess of $75,000 against the named defendant as to the First Cause of Action and grant an award of compensatory damages for back pay, front pay, past and future employment benefits, damages for emotional distress, damages for physical pain and suffering, punitive and/or exemplary damages, attorneys' fees, pre and post-judgment interest, in an amount, in excess of the jurisdictional limits of any other court, to be determined at trial by the jury, and for further relief as this Honorable Court deems just, equitable and proper.

B. Enter judgment in excess of $75,000 against the named defendants as to the Second Cause of Action and grant an award of compensatory damages for back pay, front pay, past and future employment benefits, damages for emotional distress, punitive and/or exemplary damages, attorneys' fees, pre and post-judgment interest, in an amount, in excess of the jurisdictional limits of any other court, to be determined at trial by the jury, and for further relief as this Honorable Court deems just, equitable and proper.

C. Enter judgment in excess of $75,000 against the named defendants as to the Third Cause of Action and grant an award of compensatory damages for back pay, front pay, past and future employment benefits, damages for emotional distress, punitive and/or exemplary

damages, attorneys' fees, pre and post-judgment interest, in an amount, in excess of the jurisdictional limits of any other court, to be determined at trial by the jury, and for further relief as this Honorable Court deems just, equitable and proper.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**KIM & BAE, P.C.**
Attorneys for Plaintiff

By: _____/s/ B. J. Kim_____
B. J. Kim, Esq.
45 Rockefeller Plaza
Suite 2000
New York, NY  10111
bjkim@kimbae.com
(212) 319-6888

Dated: July 27, 2021